IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RYAN SCOTT BARNETT,           §
                               §
            Plaintiff,          §
                               §
V.                             §          No. 3:24-cv-2425-E-BN
                               §
CITY OF DALLAS, ET AL.,        §
                               §
            Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ryan Scott Barnett filed a *pro se* complaint under 42 U.S.C. § 1983

alleging violations of federal law against the City of Dallas, its police chief and deputy

police chief, and several other Dallas police officers concerning Barnett's arrest and

subsequent detention and criminal charges, charges that were downgraded to a

misdemeanor and then dismissed. *See* Dkt. No. 3.

And, because Barnett also moves for leave to proceed *in forma pauperis* ("IFP"),

*see* Dkt. No. 4, United States District Judge Ada Brown referred this lawsuit to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The Court will grant Barnett's IFP motion through a separate order, subjecting

the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that, to the extent and for the reasons set out below, the Court

should dismiss the claims against the City, the police chief, and the deputy police

chief.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

"Municipalities can be held liable for violating a person's constitutional rights under [42 U.S.C.] § 1983." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) ("*Sanchez II*") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

And the general pleading standards set out above apply to a claim against a municipality. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

But, because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id.* (quoting Section 1983; citing *Monell*, 436 U.S. at 690), a plaintiff

alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez II*, 956 F.3d at 791 (citing *Monell*, 436 U.S. at 694); *see also Cope v. Coleman Cnty.*, No. 23-10414, 2024 WL 3177781, at *3 (5th Cir. June 26, 2024) (per curiam) ("A municipality may be held liable for a constitutional violation 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" (quoting *Monell*, 436 U.S. at 694)).

> To plausibly allege that a policy was the moving force,
>
> a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

These elements are "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

And, where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010)).

"Official policy can arise in various forms. It usually exists in the form of

written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citations omitted). And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"Under the second requirement, a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (citation omitted).

A plaintiff must then "allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (citation omitted).

As to the causation required, "[t]his connection must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnote omitted). That is, the "moving force" is the "catalyst"

for the injury in question, not merely a "contributing factor." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695-96 (7th Cir. 2013) (per curiam).

"[T]he failure to provide proper training [or supervision] may fairly be said to represent a policy for which the [municipality] is responsible, and for which [it] may be held liable if it actually causes injury." *Shumpert v. City of Tupelo*, 905 F.3d 310, 317 (5th Cir. 2019) (citation omitted). And, although "a separate theory of municipal liability," "the same standard applies both to a failure to train [or to supervise] claim and to a municipal liability claim." *Pinedo v. City of Dall., Tex.*, No. 3:14-cv-958-D, 2015 WL 5021393, at *9 (N.D. Tex. Aug. 25, 2015) (citations omitted).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted). But "a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality." *Peterson*, 588 F.3d at 849 (citation omitted). This theory is also "limited to 'extreme factual situations,'" such that conduct may be unconstitutional but "not sufficiently extreme to qualify for a finding of ratification." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395-96 (5th Cir. 2017) (citations omitted)).

And, regardless the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain

- 6 -

specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of culpability 'deliberate indifference' requirement must not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting, in turn, *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 415 (1997))).

Here, Barnett's use of "policymaker" and "pattern, practice, and/or policy" throughout the complaint is conclusory. That is, he alleges no facts – plausible or otherwise – to back up these labels.

Barnett further fails to allege a claim against a municipality – the City of Dallas – based on the incidents alleged in the complaint, all specific to him.

Allegations "limited to the events surrounding the plaintiff" cannot constitute "an allegation of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, because such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of similar violations," *Johnson*, 83 F.4th at 947 (emphasis in original).

> [Instead, a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. That knowledge, coupled with a failure to act, can show the existence of a municipal policy.

*Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up).

In addition to failing to allege an official policy, Barnett fails to connect an official policy to a policymaker for the City.

While Barnett identifies alleged policymakers for the City, *see* Dkt. No. 3, ¶¶ 4 & 5 (Chief Eddie Garcia and Deputy Chief Israel Herrera), a complaint need "not specifically identify [the municipality's] policymaker," *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 559 (5th Cir. 2017), because that identity "is a question of state law," and "courts should not grant motions to dismiss § 1983 cases 'for imperfect statement of the legal theory,'" *Groden v. City of Dall., Tex.*, 826 F.3d 280, 284-85 (5th Cir. 2016) (citations omitted).

But, to plausibly allege the policymaker prong of *Monell* liability, a complaint must still contain factual content to allow the Court to reasonably infer "that the challenged policy was promulgated or ratified by the city's policymaker." *Id.* at 285; *see also Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019) ("Because the 'specific identity of the policymaker is a legal question that need not be pled,' plaintiffs can state a claim for municipal liability as long as they plead sufficient facts to allow the court to reasonably infer that the [policymaker] either adopted a policy that caused [their] injury or delegated to a subordinate officer the authority to adopt such a policy. In other words, plaintiffs must plead facts that sufficiently connect the policymaker ... to the allegedly unconstitutional policy." (citing *Groden*, 826 F.3d at 284, 286)).

And, aside from unsupported conclusions, Barnett's complaint fails to connect

the individual officers' alleged acts to the City's policymaker.

And, so, because Barnett fails to plausibly allege the first two prongs of *Monell*, the Court need not take up the third – moving-force causation – prong. *See Brown*, 985 F.3d at 497 & n.11; *Zarnow*, 614 F.3d at 168-69.

Turning to Chiefs Garcia and Herrera, Barnett alleges that these defendants, along with Sergeant Lozano, acted in a supervisory capacity, but the alleged facts tie only Lozano to incidents concerning Barnett. And, so, the chiefs are sued solely as supervisory officials.

"Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (per curiam) (citation omitted).

Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410. And "[e]stablishing deliberate indifference generally requires a 'pattern of similar violations' arising from a policy 'so clearly inadequate as to be obviously likely to result in a constitutional violation.'" *Convington v. City of Madisonville, Tex.*, 812 F. App'x 219, 225 (5th Cir. 2020) (cleaned up; quoting *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003)).

The facts alleged do not plausibly plead deliberate indifference on the part of Chiefs Garcia and Herrera. And, for the reasons set out above, Barnett also has not alleged a policy – unconstitutional or otherwise – that these defendants could enforce.

For these reasons, the Court should dismiss the claims against the City of Dallas and Chiefs Garcia and Herrera. And this case will remain referred to the undersigned for further pretrial management.

## Recommendation

The Court should dismiss the claims against Defendants City of Dallas, Eddie Garcia, and Israel Herrera.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE